FILED
JUL 28 2009
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| DONNA ALLEN, | ) | CIV. 08-5071-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER ON REMAND |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff applied for Social Security disability benefits and supplemental security income benefits. The Administrative Law Judge (ALJ) denied plaintiff's claim. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a

reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993).

The Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## BACKGROUND AND DISCUSSION

Donna Allen (plaintiff) is a 55-year-old woman, born on June 5, 1954. Administrative Record (AR) 89. She filed for benefits on June 20, 2006, alleging disability commencing on January 2, 2004, due to diabetes, celiac sprue, severe chronic depression, neuropathy, diabetic gastric paresis, constant nausea, pinched nerve in neck, lack of concentration from fatigue, and Gardner's Syndrome. AR 13, 173. After the hearing, plaintiff amended her alleged onset date to January 1, 2006. AR 13.

Plaintiff's claim was denied at all stages and she appealed to the ALJ. The ALJ hearing was held on March 6, 2008. Id. Plaintiff was represented by counsel. Id. Plaintiff testified at the hearing. Id. A psychological medical expert and a vocational expert were available at the hearing but did not testify. AR 22-41.

On March 28, 2008, the ALJ issued his decision denying plaintiff benefits. AR 13-20. The ALJ found that there was no continuous twelve-month period since plaintiff's alleged onset date during which she had not engaged in substantial gainful activity. AR 20. As such, the ALJ denied plaintiff's claim at step one of the five-step sequential evaluation process.

Plaintiff raises only one issue in this appeal: whether or not the ALJ's finding that plaintiff engaged in substantial gainful activity from January 1, 2006, and thereafter was supported by substantial evidence.

A.  **Substantial Gainful Activity**

The Social Security Administration has established a five-step sequential evaluation process for determining whether or not an individual is disabled. 20 C.F.R. §§ 404.1520(a) and 416.920(a). The steps are followed in order. The claimant has the burden of proof through step four. Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992).

Step one requires the ALJ to determine whether or not plaintiff is engaging in, or has engaged in, substantial gainful activity (SGA) since the alleged onset date. 20 C.F.R. §§ 404.1520(b) and 416.920(b). To prove disability, plaintiff must show that her impairments resulted in the inability to perform any SGA for a consecutive twelve-month period. 20 C.F.R. §§ 404.1506 and 416.906. Generally, a Social Security claimant is presumed to be engaged in SGA if earnings exceed the limits set out by regulation. 20 C.F.R. §§ 404.1574 and 404.1575.

When determining whether a claimant is engaged in SGA, the Social Security Administration is required by both statute and regulation to subtract impairment-related work expenses (IRWE) from a claimant's earnings. IRWE include, *inter alia*, payments for drugs and medical services used to control a claimant's impairments. 42 U.S.C. § 423(d)(4)(A); 20 C.F.R. § 404.1576(c)(5).

In the present case, the ALJ found that plaintiff's earnings were above the presumptive SGA level and that the record contained "no evidence . . . that [plaintiff]

had any [IRWE]." AR 20. As such, plaintiff's claim for disability benefits was denied at step one of the sequential evaluation process.

The ALJ's finding that there was "no evidence" that plaintiff had any IRWE is factually erroneous. The record is replete with documentation from physicians ordering prescription medication to treat plaintiff's alleged impairments. The ALJ's failure to give proper consideration to this issue constitutes an error of law and renders his decision not supported by substantial evidence.

"It is well-settled that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." Scott ex rel. Scott v. Astrue, 529 F.3d 818, 824 (8th Cir. 2008). The ALJ is required to evaluate the *entire* record in any given case. Id. at 825. This duty to develop extends to all relevant issues in a case, including the existence of IRWE. Howard v. Astrue, 2007 WL 4326788 at *4 (E.D.N.Y. 2007).

Here, plaintiff submitted detailed pharmacy records showing prescriptions filled from January 5, 2006, through February 8, 2008. AR 101, 268-71, 272-81. These records indicated which prescriptions were filled and what plaintiff paid for the particular prescription. Id. The record also contains ample evidence connecting particular prescriptions with plaintiff's alleged impairments. For instance, plaintiff was treated on a regular basis for depression by Kay Foland, Ph.D., a certified nurse practitioner at the Manlove Psychiatric Group, beginning on December 9, 2005. AR 663-71, 686-92, 746-50.

5

Plaintiff alleged depression as a basis for disability. Plaintiff was prescribed a number of medications for her depression, including Lamictal, Remeron, Prozac, Zoloft, and Trazadone. AR 666, 667, 686. Plaintiff's pharmacy records reflect prescriptions filled for all of these medications. AR 101, 268-81.

Instructive on this point is 20 C.F.R. § 404.1576(c)(5)(i), which provides that if "you must use drugs . . . to control your impairment(s) the payments you make for them may be deducted [from your earnings when evaluating SGA]." 20 C.F.R. § 404.1576(c)(5)(ii) expressly notes "antidepressant medication for mental disorders" as an "example" of a drug that qualifies as an IRWE.

Plaintiff was also treated extensively by Dr. Jay Hoffman for diabetes, neck and arm pain, diabetic neuropathy, Gardner's Syndrome, and other conditions. AR 551-611, 770-801. Dr. Hoffman's medical notes reflect prescriptions made for numerous drugs to treat these ailments, and plaintiff's pharmacy records reflect prescriptions filled pursuant to Dr. Hoffman's orders. Id.; AR 101, 268-81.

Based on this record, the ALJ's assertion that there was "no evidence . . . that [plaintiff] had any [IRWE]" is completely inexplicable and is not supported by substantial evidence. It *may* be true, as defendant suggests, that some of plaintiff's prescription drugs were for ailments not asserted as a basis for disability, in which case they would not qualify as IRWE. However, what is *demonstrably* true is that many of

plaintiff's drugs *were* prescribed for ailments asserted as a basis for disability. As such, the ALJ had a duty to further develop the record, which he failed to do. The ALJ's summary disposition of this issue constitutes reversible error of law.

Defendant argues that a finding of disability is a "prerequisite" for deducting IRWE from earnings. Docket #12 at 8. The Court does not agree. Steps two through five of the sequential evaluation process are concerned with the substantive issue of whether or not plaintiff is actually disabled under Social Security regulations. IRWE, however, are relevant at step one, when determining SGA. To require plaintiff to prove that she is disabled prior to proving that she has not engaged in SGA would run contrary to the five-step *sequential* evaluation process. In effect, this would result in IRWE never being considered except in those cases where the agency has previously found an individual disabled and the claimant returns to work activity while still receiving benefits, and then benefits are ceased and administrative proceedings result.

Social Security Ruling 84-26 makes it clear that defendant's argument is without merit. This ruling provides that IRWE are to be developed and verified on both "initial claims" and in "continuing disability cases." With respect to initial claims, SSR 84-26 provides that a claimant "who is working and alleges IRWE may benefit from a deduction of IRWE from earnings in a determination as to SGA." As previously stated,

7

SGA is determined at step one of the sequential evaluation process. Clearly, a finding of disability is not a prerequisite for considering IRWE when computing SGA.

## CONCLUSION

Based upon the foregoing discussion, it is hereby

ORDERED that the ALJ's decision is reversed and the matter is remanded for rehearing consistent with this Order.

Dated this 28th day of July, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE